# Order

Michigan Supreme Court
Lansing, Michigan

February 1, 2008

133142

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

MARY ANN MCBRIDE,
      Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133142
COA: 271579
Macomb CC: 05-004049-FC

_____/

On November 8, 2007, the Court heard oral argument on the application for leave to appeal the December 19, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE IN PART the judgment of the Court of Appeals and REMAND this case to the trial court for further proceedings not inconsistent with this order. The trial court erred in determining that the prosecutor failed to prove by a preponderance of the evidence that defendant made a knowing and intelligent waiver of her *Miranda*[1] rights. The totality of the circumstances surrounding the interrogation reflects that defendant knowingly, intelligently, and voluntarily waived her *Miranda* rights. *Moran v Burbine*, 475 US 412 (1986).

WEAVER, J., concurs and states as follows:

I concur with the majority's partial reversal of the judgment of the Court of Appeals and with the majority's order remanding this case to the trial court for further proceedings because the totality of the circumstances surrounding the interrogation reflects that the defendant knowingly, intelligently, and voluntarily waived her *Miranda* rights. See *Miranda v Arizona*, 384 US 436 (1966).

I write separately because viewing the defendant's videotaped confession is integral to evaluating whether the defendant knowingly, intelligently, and voluntarily

---

[1] *Miranda v Arizona*, 384 US 436 (1966).

waived her *Miranda* rights.  Although the defendant's confession tape should not be posted on the Court's website before the trial in this matter, the Court should post the tape after the conclusion of the trial and all possible appeals.

CAVANAGH and KELLY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

*Corbin R. Davis*
Clerk

d0129